

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,572-01

### EX PARTE JOSE CONCEPCION SIFUENTES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W12-00771-H(A) IN THE CRIMINAL DISTRICT COURT OF DALLAS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion.

## O R D E R

Applicant was originally charged with capital murder, but pleaded guilty to murder in exchange for a sentence of life imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied counsel at critical stages of the proceedings and was denied the right to file a motion for new trial and/or notice of appeal. Applicant alleges that trial counsel advised him on the day of his plea that counsel's representation was concluded. Applicant alleges that he asked trial counsel to file notice of appeal, but that trial counsel refused to do so, advising Applicant that he had waived the right to appeal and that his representation

was "over."

Applicant has alleged facts that, if true, might entitle him to relief. *Garza v. Idaho*, 139 S. Ct. 738, 750 (2019); *Roe v. Flores-Ortega*, 120 S. Ct. 1029 (2000). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether Applicant advised counsel at any time that he wanted to file a motion for new trial or a notice of appeal, and if so, why trial counsel did not do so. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied the right to a motion for new trial or to an appeal because trial counsel failed to timely file a motion for new trial or notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  March 30, 2022
Do not publish